UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>,

    v.                                    Criminal No. 06-cr-071-02-SM
                                          Opinion No. 2008 DNH 030

<u>Edward L. Brown</u>

**O R D E R**

Defendant's letter to the Clerk of Court dated January 24, 2008 (document no. 224), will be taken as a motion seeking full transcripts of his criminal trial at government expense. <u>See</u> 18 U.S.C. § 3006A(d); 28 U.S.C. § 753(f).  The justification for providing the requested transcripts at government expense offered by defendant is:  1) he is indigent and no longer able to afford to pay the customary fee; and 2) he anticipates "upcoming litigation and the transcripts are essential to the case."

Assuming, without deciding, that defendant is in fact currently indigent, his motion still must be denied.  There are two likely possibilities, in this context, regarding defendant's perceived need for transcripts.  The first is that he expects to use them in pursuing direct appellate review of his conviction and sentence.  But that possibility has already been foreclosed.  On April 26, 2007, this court allowed his premature appeal after

judgment entered, and the United States Court of Appeals for the First Circuit dismissed that appeal on October 7, 2007, due to defendant's inexplicable failure to pursue it.  His conviction and sentence are now final and he has no need of transcripts relative to a direct appeal that is no longer available to him.

The second reasonable possibility is that defendant wishes to use the requested transcripts in connection with a petition for relief under the provisions of 28 U.S.C. § 2255.  But in order to secure free transcripts in support of a collateral relief petition, petitioner must first allege more than simply that his rights have been infringed.  The burden is on petitioner:

> [T]o come into court with his case, not simply to try to make one out.  This does not mean, of course, with his full case, but he must show merit, not just personal opinion.

Ellis v. State of Maine, 448 F.2d 1325, 1327 (1st Cir. 1971).  Petitioner has not come close to meeting that modest burden either in his motion for transcripts or his motion to vacate his convictions and sentence (which he emphatically says is not intended as a motion for § 2255 relief).  And, under the provisions of 28 U.S.C. § 753(f), the court would be required,

before providing defendant with free transcripts, to certify that defendant's motion for relief under § 2255 (which he denies filing), or his appeal, is not frivolous, and the transcripts are needed to decide an issue presented by the appeal or motion. Defendant's motion, not filed under § 2255, is plainly frivolous, and no further appeal is now available to defendant, so the required certification cannot be made.

The motion for transcripts of defendant's criminal trial at government expense (document no. 224) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 1, 2008

cc:  William E. Morse, Esq.
     Elaine A. Brown, pro se
     Edward L. Brown, pro se
     U.S. Probation
     U.S. Marshal